UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


VIOLET HOGAN                                                         PLAINTIFF


v.                                            CIVIL ACTION NO. 3:12CV-820-S


JO ELLEN JACOBSON, et al.                                          DEFENDANTS


## MEMORANDUM OPINION


This matter is before the court on motion of the plaintiff, Violet Hogan, to remand this action

to the Jefferson County, Kentucky, Circuit Court.  For the reasons set forth herein, the motion will

be denied.[1]

On November 1, 2012, Hogan filed a complaint against the defendants, Jo Ellen Jacobson

and Kem Alan Lockhart, alleging that they were doing business in Kentucky and provided a

"medical (psychological) evaluation and opinion concerning Hogan.  Complaint ("Compl.")., ¶ 7.

The defendants are nurses who reside in Texas.  It appears that at the time relevant to this action,

they worked for Life Insurance Company of North America ("LINA") as nurse case managers.

In September, 2008, Hogan had allegedly become disabled from gainful employment due

to a "psychological medical condition."  Compl., ¶ 10.  The defendants allegedly provided "a

---

[1]There is also a pending motion for leave to file a sur-reply which will be granted.  All parties have since filed various
supplements to their briefs, and the issues now appear to have been fully vetted.

medical (psychological) evaluation and opinion" concerning Hogan based solely on a "document review." Compl. ¶¶ 11; 13. Hogan alleges that "at the time of their medical (psychological) evaluation and opinion, Jacobson and Lockhart were not licensed to practice medicine...[nor were they] licensed to practice psychology in the Commonwealth of Kentucky." Compl., ¶ 12. Hogan claims that "...for their own pecuniary gain, Jacobson and Lockhart intentionally provided an opinion directly contrary to...Hogan," and she was "damaged." Compl., ¶¶, 14; 15.

Hogan contends that the actions of the defendants constitute negligence *per se*, as their conduct purportedly violates KRS 311.560 and 319.005, statutes which prohibit the unlicensed practice of medicine and psychology in Kentucky. Compl., ¶¶ 16-19. Hogan's claim for relief includes "compensatory, equitable, and exemplary relief...includ[ing] costs, interest, [and] attorneys' fees..." Compl. ¶ 20. (Compl., ¶ 21 states the request for damages more generally as "an amount of money sufficient to satisfy such claims.").

Immediately upon learning of the filing of the action, the defendants filed a notice of removal, pursuant to 28 U.S.C. § 1446. The defendants contend that Hogan's claims are completely preempted by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Notice of Removal ("NR"), Pt. III).

The defendants indicated that they were improperly served with the complaint, but acted upon notice of the suit in order to preserve their right of removal. Removability is not evident from the face of the complaint. Indeed, Hogan has gone to extraordinary lengths to attempt to craft a complaint to avoid federal jurisdiction. *See, ie.*, Compl., ¶ 2 ("Plaintiff's claims arise solely under the laws of the Commonwealth of Kentucky. Plaintiff *does not* assert any claim arising under federal law.")(emphasis in original). However, the recitation that claims are grounded solely in state

law cannot prevent proper removal of an action to federal court where, as here, it becomes evident that federal jurisdiction exists.

Title 28 U.S.C. § 1446(b)(3) states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

In their Notice of Removal, the defendants detail various underlying facts which Hogan does not dispute. Rather, she contends that the underlying facts are irrelevant to her state causes of action. The court disagrees, and finds that these facts cannot be deleted from the equation. They constitute the basis for the removability of this action.

The following foundational facts are taken from the decision of the United States Court of Appeals for the Sixth Circuit in *Hogan v. Life Insurance Company of North America*, No. 12-5902, decided April 3, 2013 (referred to herein as "Hogan I") in which Hogan challenged the denial of her claim for disability benefits. The defendants attached a copy of the amended complaint in that case to its Notice of Removal and made reference to the action in stating their grounds for removal of the case at bar ("Hogan II").

Hogan claimed she had become disabled from her employment with SHPS, Inc. due to alleged employment-related anxiety and depression. She sought short-term disability benefits under SHPS's employee benefit plan, claiming disabling depression, anxiety, and panic attacks. LINA denied her claim after determining that it could not "conclude from the records we received a physical or mental inability to function at work other than your current dislike for your position."

The defendants herein played a part in the denial of benefits to Hogan only to the extent that they were each asked to review Hogan's file when she appealed the initial denial of benefits. The first reviewer, Lockhart, observed that "no degree of severity documented...lack of actual office visit recv'd...no note of change to meds." The second reviewer, Jacobson, agreed, noting that "there is a lack of clinical evidence such as mental status exam or observations to support [Hogan's] reported symptoms." LINA denied Hogan's appeal of the initial denial of benefits. The defendants' sole connection to Hogan was in this capacity as nurse case managers for LINA, in administration of the ERISA benefits plan under which Hogan claimed that she was wrongfully denied disability benefits.

Thereafter, Hogan filed Hogan I in this court alleging wrongful denial of short- and long-term disability benefits. U.S. District Judge John G. Heyburn II granted summary judgment in favor of LINA, concluding that LINA had the authority to adjudicate benefit claims, and that an arbitrary and capricious standard of review applied. The court then found, in pertinent part, a "complete absence of convincing medical evidence...Plaintiff's medical evidence provides no sound or reasonable basis upon which to identify a medical condition limiting her work..." The court concluded that "[t]he decision to deny benefits...was reasonable and was not arbitrary, capricious or an abuse of discretion."

Hogan appealed the district court's grant of summary judgment in favor of LINA. The issues raised on appeal are of no moment here, except to note that Hogan argued on appeal that Jacobson is not a physician, but rather a nurse, and not licensed in Kentucky. DN 11-6. The Court of Appeals apparently found this argument unpersuasive, as it recited the nurse case managers' findings in support of its decision. It affirmed the District Court's determination that Hogan had been afforded a full and fair review of her claim for disability benefits.

However, prior to the decision by the Court of Appeals on her claim for wrongful denial of benefits, Hogan filed the state court action at issue here, suing Lockhart and Jacobson individually for rendering opinions for LINA in the file review process. Hogan crafted the state complaint to avoid references to her claim for benefits and the subsequent litigation over the denial of that claim. Instead, she focused on the alleged rendering of a "medical (psychological) opinion" which she alleges constituted the unlicensed practice of medicine or psychology, in violation of KRS 311.560 and 319.005, respectively. However, the alleged unlawful opinion-rendering was undisputably done in reviewing Hogan's claim of entitlement to ERISA benefits. Further, the "damage" Hogan claims to have suffered as a result of the purported unlicensed practice was denial of benefits under the plan. This is so because the review of her claim for benefits was the only connection the defendants have ever had with Hogan. Thus, this could be the only "damage" arguably inflicted on Hogan by these defendants. As stated in *Peters v. Lincoln Electric Co.*, 285 F.3d 456, 469 (6th Cir. 2002), "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." The court concludes, therefore, that the state claims necessarily arise under the civil enforcement provisions of ERISA, Section 1132(a), and the action was properly removed. We do not address the defenses raised by the defendants such as res judicata, collateral estoppel, and failure to state a claim under Kentucky law. These issues have no bearing on the motion for remand. *See, Louisville & Nashville R. Co., v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)(a federal defense normally does not create statutory "arising under" jurisdiction).

We further conclude, however, that there is complete preemption under Section 1132(a) under the Supreme Court's analysis in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004).

As explained by the Supreme Court,

Congress enacted ERISA to "protect...the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive preemption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be "exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1985, 68 L.Ed.2d 402 (1981).

ERISA's "comprehensive legislative scheme" includes "an integrated system of procedures for enforcement." *Russell*, 473 U.S., at 147, 105 S.Ct. 3085 (internal quotation marks omitted). This integrated enforcement mechanism, ERISA § 502 (a), 29 U.S.C. § 1132(a), is a distinctive feature of ERISA, and essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans. As the Court said in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987):

"The detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA...

Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted. (citations omitted).

*Davila*, 124 S.Ct. at 2495.

Noting the "extraordinary pre-emptive power" (124 S.Ct. 2496) of the ERISA scheme, the Supreme Court found that the plaintiffs' claims for violation of the Texas Health Care Liability Act

("THCLA") brought in a Texas state court ultimately fell within the scope of ERISA § 502(a)(1)(B), were completely preempted by ERISA and removable to federal court.

In *Davila*, plaintiff Calad challenged the actions of a discharge nurse acting for CIGNA as violative of the THCLA. The court found that despite the recitation of a duty of care imposed by the THCLA, there was no duty which was independent of ERISA or the plan terms. The court explained that liability under the THCLA could only exist because of the administration of ERISA-regulated benefit plans. Thus the court found that the cause of action did not stand entirely independent of the plan itself. 124 S.Ct. at 2497-98. The court went on to note that a state cause of action that provides an alternative remedy conflicts with Congress' intent that ERISA enforcement provisions be exclusive. 124 S.Ct. at 2498, n. 4, *citing Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

Similarly, the actions of the nurses in performing the case review were solely in connection with the administrative appeal of LINA's denial of Hogan's claim for ERISA plan benefits. Thus, despite the articulation of a duty under Kentucky licensing law, Hogan does not state a duty which can stand independent of the underlying connection to the ERISA plan in this case. The purported duty under Kentucky law could only arise in this instance because of the defendants' role in the administrative review of Hogan's claim for benefits under an ERISA plan. Hogan's challenge to the qualifications of the nurses to engage in file reviews is subsumed within the claim for wrongful denial of benefits under the ERISA plan, and is preempted by the ERISA statutory scheme. (*See* the attending federal regulations interpreting and implementing ERISA's provisions. 29 C.F.R. §§ 2560.503-1(h)(3)(iii) and 2560.503-1(m)(7) addressing consultation with "health care professionals"

in connection with appeals from adverse benefit determinations which evidence Congress' intent to implement an integrated and comprehensive scheme).

For the reasons set forth herein, the motion of Violet Hogan to remand will be denied. A separate order will be entered herein this date in accordance with this opinion.

**IT IS SO ORDERED.**

September 25, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**