UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VIOLET HOGAN                                                                                    PLAINTIFF

v.                                                                              NO. 3:12-CV-00820-CRS-JDM

JO ELLEN JACOBSON, *et al.*                                                            DEFENDANTS

## **MEMORANDUM OPINION**

This matter is before the court on the motion of the plaintiff, Violet Hogan ("Hogan"), for reconsideration of this court's September 26, 2013 Memorandum Opinion (DN 23) denying her motion to remand. (DN 26). Also before the court is the motion of the defendants, Jo Ellen Jacobson and Kem Alan Lockhart (collectively, "Defendants"), for sanctions. (DN 10). For the reasons set forth below, the court will deny both the motion to reconsider (DN 26) and the motion for sanctions (DN 10).[1]

**I.**

We will first address Hogan's motion to reconsider. (DN 26). The facts pertinent to Hogan's claims in this matter were recited in full in this court's Memorandum Opinion dated September 26, 2013, in which we denied Hogan's motion to remand the case to Jefferson County, Kentucky, Circuit Court. (Mem. Op., DN 23). For ease of reference, some of the basic facts are repeated here.

---

[1] The court will also grant Defendants' motion to file a sur-reply to the motion to reconsider. (DN 36).

Defendants are nurse case managers ("NCMs") employed by Life Insurance Company of North America ("LINA"). Neither defendant resides in nor is licensed to practice medicine in Kentucky. Defendants contend that NCMs are primarily responsible for analyzing disability insurance claimaints' records at the request of LINA claim and appeals managers during the disability claim adjudication process. Defendants assert that NCMs do not make the decision as to whether a claimant's benefits should be granted or denied. Rather, NCMs submit their analyses to the claim and appeals managers at LINA who then determine whether to grant or deny benefits.

In 2008, Hogan submitted a claim to LINA for short- and long-term disability benefits. In her claim, Hogan asserted that she had become disabled from gainful employment due to a "psychological medical condition." In October 2008, LINA denied Hogan's claim for short- and long-term disability benefits. Hogan appealed the decision and, after her claim was administratively denied, she brought suit against LINA in this court in February 2011 to challenge the denial of benefits. LINA was the sole defendant in that action. Judge Heyburn presided over that case and granted summary judgment in LINA's favor on July 3, 2012. *Hogan v. Life Ins. Co. of N. Am.*, 2012 WL 2574708 (W.D. Ky. July 3, 2012). On appeal, the Sixth Circuit affirmed the District Court's determination that LINA had provided a full and fair review of Hogan's claim for disability benefits.[2] *Hogan v. Life Ins. Co. of N. Am.*, 521 F. App'x 410 (6th Cir. 2013) (unpublished) (collectively, "*Hogan I*").

On November 1, 2012, prior to the Sixth Circuit's decision in *Hogan I*, Hogan filed this action against Defendants in Jefferson Circuit Court. ("*Hogan II*"). Hogan's complaint alleges

---

[2] Defendants note that Hogan argued on appeal that Jacobson was a nurse, rather than a physician, and was not licensed in Kentucky. The Court of Appeals was not persuaded by this argument, as it cited Defendants' findings in support of its decision.

that Defendants were negligent *per se* because they were not licensed to practice medicine or psychology in Kentucky at the time they rendered their medical and psychological evaluations and opinions. Hogan contends that this conduct violated the medical licensing requirements found in KRS §§ 311.560 and 319.005.[3]

Defendants subsequently removed the action to this court on the ground that it was completely preempted under ERISA. Hogan then moved to remand the case to Jefferson Circuit Court. This court denied Hogan's motion. (Mem. Op., DN 23). We determined that the "alleged unlawful opinion-rendering was undisputably done in reviewing Hogan's claim of entitlement to ERISA benefits." (*Id.* at p. 5). We further found that "the 'damage' Hogan claims to have suffered as a result of the purported unlicensed practice was denial of benefits under the plan . . . . because the review of her claim for benefits was the only connection the defendants have ever had with Hogan." (*Id.*) Therefore, we concluded that Hogan's state law claims necessarily arose under the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a), and that the action was properly removed because there was complete preemption of her state law claims. In reaching this conclusion, we primarily relied on the Supreme Court's analysis in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). Hogan now asks the court to reconsider our order denying her motion to remand.

A motion to reconsider is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). Reconsideration is an extraordinary remedy and is granted only sparingly. *Gesler v. Ford Motor Co.*, 185 F. Supp. 2d 724, 729 (W.D. Ky. 2001). A Rule 59(e) motion may be

---

[3] Hogan's complaint in this action does not mention the context in which these opinions were rendered, in what this court has previously classified as an attempt to "avoid references to her claim for benefits and the subsequent litigation over the denial of that claim." (Mem. Op., DN 23, p. 5).

granted where there is a showing of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented. *See Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (unpublished) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). "Thus, the party seeking reconsideration cannot simply seek a second bite of the apple and it bears '[t]he burden of demonstrating the existence of a manifest error of fact or law.'" *Doe v. Patton*, 381 F. Supp. 2d 595, 605 (E.D. Ky. 2005) (quotation omitted), *aff'd sub nom. Doe v. Magoffin Cnty. Fiscal Court*, 174 F. App'x 962 (6th Cir. 2006) (unpublished).

Hogan first argument in support of her motion for reconsideration is that this court made a clear error of law in denying her motion to remand. Specifically, Hogan argues that remand is warranted because her state law claims are independent of, and are thus not completely preempted by, the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a).

The arguments raised in Hogan's motion to reconsider were previously advanced in her original motion and response. In both motions, Hogan argues that her state law claims are not subject to complete preemption and, as such, were improperly removed from state court. Hogan also makes similar arguments in both motions regarding the damages she seeks to recover. Hogan argues that this court erroneously stated that the damages available in this action are limited to the denial of benefits under the plan. However, the damage issue is unrelated to—and

does not alter—this court's determination that Hogan's claims are completely preempted by ERISA.

Hogan next argues that her tort cause of action for violation of the Kentucky medical licensing statutes is independent of ERISA. In support of this argument, Hogan cites to several cases in which courts refused to grant "blanket immunity" to plan administrators who engaged in tortious conduct. However, these cases do not specifically address the cause of action that is before the court, namely, the alleged violation of a medical licensing statute. In fact, one of the cases to which Hogan cites expressed a "'doubt that Congress intended the category of fiduciary administrative functions to encompass' tortious conduct by a plan administrator *that is completely unrelated to its duties under the plan*[.]" *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 193–94 (4th Cir. 2002) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 232 (2000)) (emphasis added). In this instance, Hogan has failed to show how Defendants' alleged violations of the medical licensing statutes are "completely unrelated" to their duties under the plan. As this court previously noted, "[t]he purported duty under [the Kentucky medical licensing statutes] could only arise in this instance because of the defendants' role in the administrative review of Hogan's claim for benefits under an ERISA plan." (Mem. Op., DN 23, p. 7).

In sum, Hogan cites to no authority to contradict this court's previous determination that her claims were preempted by ERISA. Moreover, the authority to which Hogan cites in her motion is duplicative of that provided in her motion to remand. To the extent these arguments are cumulative of those presented and previously resolved (*see* Mem. Op., DN 23, p. 5–8), we conclude that they do not warrant consideration.

Hogan next argues that "newly discovered evidence" exists to support her claims. Hogan contends that Defendants "admitted" in a brief filed subsequent to this court's order that Hogan

could not have asserted a claim against them under ERISA.  However, as Defendants point out, they first made this "admission" prior to our September 26, 2013 order denying the motion to remand.  (*See* Mot. for Sanctions, DN 10-2, p. 19–20).  Therefore, the alleged admission cannot be classified as "newly discovered evidence," as it was available to Hogan prior to the court's order.

Further, for the reasons stated above, this alleged admission does not alter our determination that Hogan's claims against Defendants are completely preempted by ERISA.  We previously held that Defendants' alleged "unlawful opinion-rendering was undisputably done in reviewing Hogan's claim of entitlement to ERISA benefits."  (Mem. Op., DN 23, p. 5).  And, as the Supreme Court stated in *Davila*, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." 542 U.S. at 209 (citations omitted).  Hogan's alleged "evidence" does not convince us otherwise.  Therefore, the court will deny Hogan's motion to reconsider (DN 26).

**II.**

We will next address Defendants' motion for sanctions, which was filed subsequent to Hogan's motion to remand.  (DN 10).  Hogan moved for an extension of time to respond to this motion, arguing that the court should decide the motion to remand before addressing the motion for sanctions. (DN 12).  We granted Hogan's request for an extension (DN 18), and the motion for sanctions became ripe for ruling after entry of our order denying Hogan's motion to remand.

We find that the motion for sanctions is premature at this time.  Defendants may refile the motion at a later date after the court makes a determination on the merits of this action.  At that

time Defendants can argue why sanctions are appropriate, based on the resolution of the underlying issues.

### III.

For the reasons set forth herein, the motion of Violet Hogan for reconsideration (DN 26) will be denied. The motion of Jo Ellen Jacobson and Kem Alan Lockhart for sanctions (DN 10) is remanded with leave to reinstate pending adjudication on the merits of Hogan's claims. A separate order will be entered this date in accordance with this Memorandum Opinion.

**IT IS SO ORDERED.**

March 11, 2014

**Charles R. Simpson III, Senior Judge
United States District Court**