UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VIOLET M. HOGAN,                                           Plaintiff,

v.                                          Civil Action No. 3:12-cv-820-DJH

JO ELLEN JACOBSON and KEM ALAN
LOCKHART,                                              Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Violet M. Hogan alleges that Defendants Jo Ellen Jacobson and Kem Alan Lockhart prevented her from receiving benefits under a long-term disability insurance policy. Jacobson and Lockhart have moved to dismiss Hogan's amended complaint, arguing that her state-law claim of negligence per se must be dismissed on preemption grounds and that she has failed to allege any actionable interference under the Employee Retirement Income Security Act (ERISA).  (Docket No. 46)  Because the Court agrees that the amended complaint fails to state a plausible claim for relief, the motion to dismiss will be granted.

## I.     BACKGROUND

Before the Court examines the amended complaint, a brief procedural history is in order. This is Hogan's second lawsuit related to disability insurance policies provided by Life Insurance Company of North America (LINA).  Hogan alleges that she became disabled while covered under the policies.  (D.N. 43 at 3 ¶¶ 12-13)  She sought disability benefits, and her claim was denied.  Hogan first sued LINA in federal court, alleging that she had been wrongly denied short-term disability (STD) and long-term disability (LTD) benefits.  This Court concluded, and the Sixth Circuit Court of Appeals agreed, that LINA's denial of Hogan's claim was reasonable

in light of the minimal evidence Hogan provided in support of the claim.  *See Hogan v. Life Ins. Co. of N. Am.*, 521 F. App'x 410 (6th Cir. 2013) (*Hogan I*).

The present case was originally filed in Jefferson Circuit Court.  In her initial complaint, Hogan alleged that Jacobson and Lockhart—LINA employees who reviewed Hogan's medical records—had engaged in the practice of medicine and psychology without a license in violation of KRS §§ 311.560 and 319.005.  (D.N. 1-3 at 4 ¶¶ 16-20)  Jacobson and Lockhart removed the case to this Court on the ground that it arises under ERISA.  (D.N. 1 at 2)  The Court agreed and denied Hogan's request for remand, finding that her state-law claim was actually a claim for benefits and therefore completely preempted by ERISA, providing removal jurisdiction.  (*See* D.N. 23)  Following an unsuccessful attempt to have the remand issue reconsidered (*see* D.N. 39), Hogan filed an amended complaint (D.N. 43).  Notwithstanding the Court's previous decision that the claim is preempted, Hogan again alleges negligence per se under KRS §§ 311.560 and 319.005.[1]  (D.N. 43 at 4-5)  She also asserts a claim of interference with protected rights under ERISA, 29 U.S.C. § 1140, alleging that Jacobson and Lockhart interfered with her "right to receive long term disability benefits."  (*Id.* at 5 ¶ 30)  The defendants seek dismissal of both claims.  (D.N. 46)

## II.    ANALYSIS

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must ask whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that merely offers "'naked assertions' devoid of 'further factual enhancement'" does not satisfy the Federal Rules

---

[1] Hogan notes that she asserts this claim "for the sole purpose of preserving her right to pursue said claim at such future time as the Court allows."  (D.N. 43 at 4 n.1)

of Civil Procedure. *Id.* (quoting *Twombly*, 550 U.S. at 557). With this standard in mind, the Court turns to Hogan's amended complaint.

**A.    Negligence Per Se**

As in her initial complaint, Hogan contends that Jacobson and Lockhart violated Kentucky statutes prohibiting the practice of medicine and psychology without a license.[2] (D.N. 43 at 4-5) The Court previously determined that this claim was completely preempted by ERISA because Jacobson and Lockhart had no duty to Hogan outside the administrative review process. (D.N. 23 at 7) According to the defendants, the Court's earlier ruling is dispositive here; they maintain that Hogan's state-law claim should be dismissed as preempted. The answer is not that simple, however.

The basis for removal in this case was complete preemption—that is, the Court found that Hogan's negligence claim was in essence a claim for benefits under ERISA. (*See generally* D.N. 23) Complete preemption is different from express preemption. Whereas the latter generally results in dismissal, complete preemption "converts a state-law claim that could have been brought under § 1132 into a federal claim and makes the recharacterized claims removable to federal court." *Loffredo v. Daimler AG*, 500 F. App'x 491, 495 (6th Cir. 2012); *see* 29 U.S.C. § 1144 (ERISA express-preemption provision). The two doctrines "are unique, distinct, and mutually exclusive; as to a single claim, they are incompatible and cannot exist." *Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 818 (S.D. Ohio 2003). Thus, the Court's previous

---

[2] Jacobson and Lockhart are the nurse case managers who were assigned to review Hogan's file on appeal after her claim for STD benefits was denied. *Hogan I*, 521 F. App'x at 414. This Court has previously held that such review does not constitute the practice of medicine for purposes of KRS § 311.560. *See Anderson v. Standard Ins. Co.*, No. 3:14-CV-51-H, 2014 U.S. Dist. LEXIS 150013, at *8-9 (W.D. Ky. Oct. 21, 2014) (citing *Hackney v. Lincoln Nat'l Life Ins. Co.*, 3:12-CV-170-CRS, 2014 U.S. Dist. LEXIS 73771 (W.D. Ky. May 30, 2014)). The Court need not reach that issue in this case, however.

decision that Hogan's claim was completely preempted does not amount to a finding that the claim cannot survive in federal court. To the contrary, complete preemption means that the claim is innately federal. *Id.* at 817; *see also Loffredo*, 500 F. App'x at 495 ("Complete preemption applies when a plaintiff dresses up a claim for benefits under a pension plan in state-law clothing . . . .").

A court presented with a claim that is completely preempted by ERISA has two options: allow the plaintiff to amend the complaint to expressly assert an ERISA claim or simply treat the state-law claim as a claim under ERISA. *Ackerman*, 254 F. Supp. 2d at 818. Here, Hogan has already had an opportunity to amend. Therefore, the Court will construe the state-law claim as an ERISA claim and analyze it accordingly. *Cf. Mazur v. Unum Ins. Co.*, 590 F. App'x 518, 521 (6th Cir. 2014) (approving district court's use of this approach).

The Court previously found Hogan's state-law claim to be "subsumed within the claim for wrongful denial of benefits under the ERISA plan." (D.N. 23 at 7) In Hogan's prior lawsuit, she alleged improper denial of both STD and LTD benefits. *See id.* at 411. Her present complaint asserts only that she was wrongly denied LTD benefits. (*See* D.N. 43 at 4 ¶ 22 ("Defendants' illegal opinions were provided with the express purpose of denying Mrs. Hogan her long term disability benefits, and in fact resulted in Mrs. Hogan's loss of the right to attain these protected benefits.")) According to Hogan, "no court has ever addressed or ruled upon [her] LTD benefits." (D.N. 51 at 3) She proceeds to quote the following portion of the Sixth Circuit's decision:

> While Hogan also seeks LTD benefits, she did not first seek these benefits from LINA and therefore she failed to exhaust administrative remedies with respect to this claim. She advances a theory that LTD benefits should be awarded automatically if STD benefits are granted, because LINA's policy includes a provision that automatically transitions STD into LTD after the expiration of the

STD period.  However, because we uphold LINA's denial of STD benefits we
have no reason to reach Hogan's LTD claims on this theory.

*Hogan I*, 521 F. App'x at 417.  (*See* D.N. 51 at 4)  Thus, the Sixth Circuit *did* address Hogan's

entitlement to LTD benefits—it found that the issue was not properly before the court because

she had not even sought those benefits from LINA.

Hogan does not allege that she has now exhausted her administrative remedies with

respect to LTD benefits or that she should be excused from this requirement.[3]  *See Coomer v.*

*Bethesda Hosp., Inc.*, 370 F.3d 499, 504-05 (6th Cir. 2004) (plan participant must exhaust

administrative remedies before challenging denial of benefits in court unless she can show with

certainty that the claim would be denied on appeal).  The Court cannot consider a claim that

Hogan was wrongly denied benefits when she never tried to obtain them in the first place.  *See*

*Stevens v. Employer-Teamsters Joint Council No. 84 Pension Fund*, 979 F.2d 444, 451 (6th Cir.

1992) ("An ERISA cause of action for benefits under ERISA does not arise until a claim for

benefits has been made and formally denied.").  Moreover, a claim for denial of benefits is not

properly brought against Jacobson and Hogan, as they are not responsible for approving or

denying claims.  *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 522 (6th

Cir. 2010) (noting that "the proper defendant in an ERISA action concerning benefits is the plan

administrator").  In short, although Hogan's first cause of action is "a claim for benefits . . . in

state-law clothing," *Loffredo*, 500 F. App'x at 495, it is not a viable claim for benefits.  *Cf.*

*Mazur*, 590 F. App'x 518 (affirming 12(b)(6) dismissal of state-law claims construed as ERISA

claims).

---

[3] The fact that Hogan was denied STD benefits does not necessarily mean that a claim for LTD
benefits would be futile; she acknowledges in her complaint that "her right to receive long term
disability benefits was not predicated on her having received short term disability benefits."
(D.N. 43 at 3 ¶ 15)

### B.      Interference with Protected Rights

In her second cause of action, Hogan alleges that Jacobson and Lockhart interfered with her "right to pursue, attain and receive long term disability benefits" in violation of 29 U.S.C. § 1140. (D.N. 43 at 5)  Section 1140 provides, in relevant part, that it is "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under [an employee benefit] plan."  As the Sixth Circuit has explained, "[t]his section was designed to prevent 'employers from discharging or harassing' employees to preclude 'them from obtaining vested pension rights.'"  *Crawford v. TRW Auto. U.S. LLC*, 560 F.3d 607, 611 (6th Cir. 2009) (quoting *West v. Butler*, 621 F.2d 240, 245 (6th Cir. 1980)).

Aside from the fact that Hogan was not employed by Jacobson or Lockhart, she does not allege any action by either of them that is prohibited under section 1140.  She describes their involvement as "provid[ing] opinions concerning [her] diagnosis and treatment[,] including her physical and mental restrictions and limitations."  (D.N. 43 at 3-4 ¶ 19)  As an example, the complaint quotes Jacobson's conclusion that there was "a lack of clinical evidence . . . to support [Hogan's] reported symptoms."  (*Id.* at 4 ¶ 19)  According to Hogan, Jacobson and Lockhart "sought to render a diagnosis and treatment conclusion that would prevent [her] from becoming eligible to receive her long term disability benefits" (*Id.* ¶ 21), allegedly for "their own financial gain, both in terms of favorable performance reviews and in compensation."  (*Id.* ¶ 20)

Nothing in Hogan's amended complaint could be read to suggest that she was "discharge[d], fine[d], suspend[ed], expell[ed], discipline[d], or discriminate[d] against."  29 U.S.C. § 1140.  Her conclusory assertions that the defendants interfered with her right to receive

6

benefits are insufficient to overcome a motion to dismiss.  *See Iqbal*, 556 U.S. at 678.  The Court

thus finds that Hogan has failed to state a plausible claim for relief under § 1140.

**III.    CONCLUSION**

Hogan's complaint fails to state a claim against Jacobson and Lockhart upon which relief

can be granted.  Moreover, the defects in her complaint are not the sort that could be remedied by

further amendment.  Accordingly, and the Court being sufficiently advised, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss (D.N. 46) is **GRANTED**.   This

action is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket.

April 27, 2015

**David J. Hale, Judge**
**United States District Court**